**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Stephanie Crawford, | * | Case No. 23-15632-NVA |
| | * | |
| Debtor. | * | Chapter 13 |
| | * | |
| *   *   *   *   *   *   * | * | *   *   *   *   *   *   * |
| | * | |
| Maryland Department of Labor, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Adv. No. 23-00279 |
| | * | |
| Stephanie Crawford, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| *   *   *   *   *   *   * | * | *   *   *   *   *   *   * |

**CONSENT MOTION FOR APPROVAL OF
<u>SETTLEMENT AND COMPROMISE</u>**

Plaintiff Maryland Department of Labor (hereinafter, "MDOL"), formerly known as DLLR[1], by its undersigned attorney, Lindsey J. Parker, files this Motion for Approval of Settlement and Compromise with Defendant and Debtor Stephanie Crawford (hereinafter, "Debtor"), and in support thereof states as follows:

1.      MDOL filed this adversary proceeding seeking to have declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) the debt arising from overpayment of unemployment benefits alleged to have been obtained by false pretenses, false representations and/or actual fraud, represented by Overpayment #64638 in the amount of Six Thousand, Four Hundred Fifty Dollars ($6,450.00) in overpayment principal, Nine Hundred Sixty-seven Dollars and Fifty Cents

---

[1] DLLR officially changed its name to the Maryland Department of Labor, effective July 1, 2019.

($967.50) fraud penalty, and an additional Seven Hundred Twenty-four Dollars and Eighty-two Cents ($724.82) in fraud interest, less One Thousand Dollars ($1000.00) in repayments, for a total overpayment balance of Seven Thousand, One Hundred Forty-two Dollars and Thirty-two Cents ($7,142.32) ("Overpayment Amount"), plus costs of Three Hundred Fifty Dollars ($350.00).

2.     The determination by MDOL that Debtor received overpaid unemployment benefits was part of Agency fact-finding and adjudication processes in which MDOL determined that the claimant committed a fraudulent act within the meaning of Section 8-1301 of the Maryland Unemployment Insurance Law. Md. Code Ann., Labor and Employment Article. *See*, ECF 1 "Complaint," Exhibits 1—3. Debtor's appeal rights have expired, and the Agency's determination is final.

3.     MDOL has filed Proof of Claim No. 18 on December 14, 2023, for $7.142.32, unsecured. Nothing in this motion will affect MDOL's Proof of Claim.

4.     The settlement waives statutory, pre-judgment fraud interest that has accrued after the filing of Debtor's bankruptcy case even though this interest is also nondischargeable. *See, e.g.*, *Bruning v. United States*, 376 U.S. 358 (1964) (holding that post-petition interest on a nondischargeable tax debt remains the personal liability of the debtor after bankruptcy); *In re Brace*, 131 B.R. 6112, 613-14 (Bankr. W.D. Mich. 1991) (holding that post-petition interest could accrue on a debt that was nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it arose from fraudulent misrepresentations); *accord In re Kellar*, 125 B.R. 716, 720-21 (Bankr. N.D.N.Y. 1989). Further, any debt arising from false representations, false pretenses, or fraud is nondischargeable under 11 U.S.C. § 523(a)(2)(A). *Cohen v. De La Cruz*, 523 U.S. 213 (1998) (determining bankruptcy petitioner's entire debt, including treble and punitive damages, to be nondischargeable where liabilities arose from fraud).

5.      After Debtor's above-captioned Chapter 13 is no longer pending (i.e., until the date the Chapter 13 is converted to another Chapter, dismissed, or otherwise closed), Debtor shall commence monthly payments to MDOL of Two Hundred Dollars ($200.00), beginning on the 15th of the first full month after Debtor's Chapter 13 case is no longer pending, and continuing on the 15th day of each month thereafter until the Overpayment Amount is paid and satisfied in full, to:

> Maryland Department of Labor
> Legal Services and Collection
> 1100 N. Eutaw Street, Room 401
> Baltimore, MD 21201

6.      Other terms are that a) post-judgment interest is waived while Debtor's above-captioned Chapter 13 remains pending; b) post-judgment interest shall be waived if and so long as Debtor substantially complies[2] with the terms of this settlement, MDOL will not attempt to garnish Debtor's wages, and post-judgment interest shall be waived; c) if Debtor becomes unemployed and promptly notifies MDOL's undersigned attorney, monthly payments and interest shall be waived for the period during which Debtor is unemployed; d) MDOL shall not be precluded from enforcing its rights to intercept Debtor's federal and/or state income tax refunds to apply to the Overpayment Amount; and e) MDOL reserves its right to offset the fraud principal against any new unemployment insurance claim for benefits, or disqualify such a claim, based on the prior determination of fraud.

7.      The settlement is between MDOL and the Debtor and does not involve the bankruptcy estate, bankruptcy trustee, or the claims or interests of other creditors. Neither does the settlement affect MDOL's Proof of Claim #18 in the amount of $7,142.32.

---

[2] Substantial compliance is defined as Debtor having missed not more than two payments.

8.      Pursuant to Local Bankruptcy Rule 9019(c), this Motion is filed in the adversary proceeding and the Notice of the Settlement and Compromise is filed in the main bankruptcy case out of which this adversary proceeding arises, Case No. 23-15632-NVA. The Notice is being served on all creditors and other parties in interest listed on the creditor mailing matrix in the bankruptcy case pursuant to Fed. R. Bankr. P. 2002.

9.      Debtor consents to the entry of judgment in the amount of ($7,142.32), plus costs of Three Hundred Fifty Dollars ($350.00), plus post-judgment interest at the federal rate, consistent with the terms of this settlement.

WHEREFORE, Plaintiff MDOL respectfully requests that this Court:

(a)      enter the Order Approving Settlement and Compromise and Determining Debt Nondischargeable submitted herewith; and

(b)      enter the Judgment Order submitted contemporaneously herewith.

Respectfully submitted,

/s/ Lindsey J. Parker
Lindsey J. Parker, 21776
Maryland Department of Labor
Legal Services & Collection
1100 N. Eutaw Street, Rm. 401
Baltimore, MD 21201
Telephone: 410-767-2466
lindsey.parker@maryland.gov

CONSENTED TO AS TO FORM
AND AS TO CONTENT

/s/ J. Michael Broumas
J. Michael Broumas, Esq.
*Attorney for Defendant/Debtor*

/s/ Stephanie Crawford
Stephanie Crawford
*Defendant/Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February, 2024, a copy of the foregoing Consent Motion for Approval of Settlement and Compromise was mailed first class, postage prepaid to:

J. Michael Broumas, Esq.            United States Trustee
Broumas Law Group LLC          Garmatz Federal Courthouse
8370 Court Avenue, Suite 203       101 W. Lombard Street, Suite 8530
Ellicot City, MD 21043            Baltimore, MD 21201

Stephanie Crawford
8277 Kramer Court
Glen Burnie, MD 21061

/s/ Lindsey J. Parker
Lindsey J. Parker, 21776

5